**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Weiman Products, LLC, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| W.M. Barr & Company, Inc., | **(1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| Defendant. | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |

**(1) TRADE DRESS INFRINGEMENT IN
VIOLATION OF 15 U.S.C. § 1125(a);**

**(2) UNFAIR COMPETITION AND
FALSE DESIGNATION OF ORIGIN
IN VIOLATION OF 15 U.S.C.
§ 1125(a);**

**(3) TRADE DRESS DILUTION IN
VIOLATION OF 15 U.S.C. § 1125(c);**

**(4) TRADE DRESS DILUTION IN
VIOLATION OF 765 ILCS 1036/65;**

**(5) DECEPTIVE TRADE PRACTICES IN
VIOLATION OF 815 ILCS 510/2;**

**(6) DECEPTIVE BUSINESS PRACTICES
IN VIOLATION OF 815 ILCS 505/2;**

**(7) COMMON LAW TRADE DRESS
INFRINGEMENT; AND**

**(8) COMMON LAW UNFAIR
COMPETITION AND DILUTION**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Weiman Products, LLC ("Weiman"), for its complaint against Defendant W.M.

Barr & Company, Inc., ("W.M. Barr" or "Defendant"), based on knowledge and on information

and belief as appropriate, alleges as follows:

1

## The Parties

1.      Weiman is a company organized and existing under the laws of the State of Delaware with a principal place of business at 755 Tri-State Parkway, Gurnee, Illinois 60031.

2.      On information and belief, W.M. Barr is a corporation organized and existing under the laws of the State of Tennessee with a principal place of business at 6750 Lenox Center Court, Suite 200, Memphis, TN, 38115.

## Jurisdiction and Venue

3.      This is an action for trade dress infringement, unfair competition and false designation of origin, and trade dress dilution. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*, the Illinois Fraud & Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and federal common law and state common law, including the law of Illinois.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      Defendant has and continues to advertise, offer for sale, and sell infringing multi-purpose household adhesive, grease, grime and sticky mess removers to customers, including customers in the State of Illinois and in this District.

6.      This Court may exercise personal jurisdiction over Defendant based upon Defendant's contacts with this forum, including at least Defendant's tortious acts giving rise to this lawsuit within this district, and Defendant's regular and intentional conduct of business here.

7.      Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – Weiman's Trade Dress

8.      For over fifty years, Weiman has continuously engaged in the development, manufacture, and sale of home cleaning products. Weiman and its predecessors, among other things, have made and sold Weiman's Goo Gone® multi-purpose household adhesive, grease,

grime and sticky mess remover products (the "Goo Gone® Products")[1] since 1985. The Goo Gone® Products are sold in distinctive packaging utilizing a black and yellow color scheme.

9.     To help provide immediate consumer recognition, Weiman and its predecessors have purposely marketed and sold the Goo Gone® Products in clear bottles, since introducing the products in 1985.  The clear bottles reveal the distinctive orange-yellow color of Weiman's adhesive, grease, grime and sticky mess remover solution to consumers, and the combination of this additional color furthers the distinctiveness of the overall product appearance to consumers. Weiman markets and sells its Goo Gone® Products in a 12-ounce clear bottle with trigger spray nozzle and an 8-ounce clear bottle with a screw top, as shown below in Illustration 1. The Weiman Goo Gone® Products have acquired substantial secondary meaning in the marketplace and have become famous.

10.     The Goo Gone® Products enjoy widespread sales through national food, drug and mass merchandising retailers that include Wal-Mart, Lowes, Home Depot, and Walgreens. They are also sold in many automotive, hardware, grocery, specialty, and arts and crafts stores, and are frequently offered in multiple departments of individual stores, and have been consistently featured in advertising, at trade shows, on the world wide web, and in in-store displays.

11.     The Goo Gone® Products and their packaging have distinctive and non-functional features that identify to consumers that the origin of the product is Weiman. Illustration 1 below shows two examples of the Weiman Goo Gone® Products.

---

[1] Weiman owns Trademark Registration Nos. 1,408,146; 1,945,633; 1,945,634; and 2,447,540 for the trademark GOO GONE for multipurpose liquid cleaners.

| Illustration 1: Exemplary Goo Gone® Products |
|---|



**Weiman Goo Gone® Spray Gel 12 oz.**

**Weiman Goo Gone® 8 oz.**

12.     As a result of Weiman and its predecessors' continuous and exclusive use of the Goo Gone® Products in the distinctive black and yellow packaging design, Weiman and its predecessors' marketing, advertising and sales of the design, and the highly valuable goodwill and substantial secondary meaning acquired as a result, Weiman owns trade dress rights in its Goo Gone® Products.

13.     Weiman's trade dress rights in the designs and appearance of the Goo Gone® Products, include, but are not limited to: (1) the dyed orange-yellow solution, contained in a clear bottle; (2) the style, placement and characters of the words "Goo" and "Gone" on the label; (3) the image of an orange with the word "citrus" on the label; (4) the "#1" design on the label; (5) the black and yellow color scheme of the bottle packaging; and (6) the color contrast, color combinations and shapes of features of the packaging; whether any of these elements are alone or in any combination with each other, and including the overall look and appearance of the Goo Gone® Products and their packaging. These features, alone or in combination, and including the overall look and appearance of the Goo Gone® Products, are collectively hereafter referred to as the "Weiman Trade Dress."

14.     As a result of Weiman and its predecessors' exclusive, continuous and substantial use, advertising, and sales of the Goo Gone® Products bearing the Weiman Trade Dress, and the publicity and attention that has been paid to the Weiman Trade Dress, the Weiman Trade Dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate it as a source identifier of Weiman.

## General Allegations – Defendant's Unlawful Activities

15.     Defendant has and is continuing to misappropriate the goodwill and secondary meaning in the Weiman Trade Dress in Weiman's Goo Gone® Products. Defendant is purposefully advertising, offering for sale and selling multi-purpose household adhesive, grease, grime and sticky mess removers under the brand name "Goof Off" that include the Weiman Trade Dress (the "Goof Off Products"). Defendant's Goof Off Products purposefully imitate the

overall look and appearance or the Goo Gone® Products as well as individual elements of the Weiman Trade Dress, including (1) using a clear bottle with a dyed orange-yellow solution; (2) prominently displaying the word "Goo" on the label; (3) using an image of an orange with the word "citrus" on the label; (4) using a "#1" image on the product label; (5) using the distinctive black and yellow color scheme of the Weiman Trade Dress, and; (6) mimicking the overall look and appearance of the Goo Gone® Products.

16.    In addition, recently, Defendant purposefully altered its trade dress to imitate Weiman's Trade Dress. Defendant previously sold household cleansers using different trade dress. Only recently did Defendant purposefully alter its trade dress and adopt an overall look and appearance that mimics the Weiman Trade Dress. Defendant's changes to its trade dress include: (1) changing from an opaque bottle to a clear bottle; (2) altering the color of its previous solution and using a new, dyed orange-yellow color in a solution that can be seen through the clear bottle; (3) prominently adding the word "Goo" to its label; (4) adding an image of an orange with the word "citrus" on the label; (5) adding a "#1" image on the product label; (6) using the distinctive black and yellow color scheme of the Weiman Trade Dress; (7) adopting a 12-ounce clear bottle with trigger spray nozzle and an 8-ounce clear bottle with a screw top; and (8) emphasizing that the 12-ounce clear bottle includes a gel, just like the Weiman Goo Gone® 12-ounce Product.

17.    Additionally, Defendant's Goof Off Products are offered in the same channels of trade, through the same stores, and in the exact same sizes as Weiman's own products. Defendant's Goof Off Products are marketed and sold under confusingly similar imitations of the Weiman Trade Dress. Defendant's actions infringe and dilute Weiman's Trade Dress rights, constitute unfair competition and false designation of origin, and common law trademark infringement.

18.    Defendant's infringing, diluting and otherwise unlawful Goof Off Products are depicted in Illustration 2 below.

**Illustration 2: W.M. Barr Infringing, Diluting and
Unlawful Goof Off Products**



**W.M. Barr Goof Off Spray Gel 12 oz.**



**W.M. Barr Goof Off 8 oz.**

19.     Weiman and its predecessors used the Weiman Trade Dress extensively and continuously before Defendant began selling, offering to sell, distributing, or advertising the Goof Off Products. Moreover, the Weiman Trade Dress became famous and acquired secondary meaning in the United States and in the State of Illinois before Defendant commenced its use of the Weiman Trade Dress.

20.     Weiman never authorized Defendant to sell, offer to sell, distribute, or advertise the Goof Off Products.

21.     Defendant engages in substantial activity in Illinois and this District. Examples of Defendant's activity include: (i) Defendant's Goof Off Products may be purchased online in Illinois, and (ii) Defendant's principal website reaches into Illinois.

22.     On information and belief – as evidenced at least by the facts and circumstances alleged above – Defendant's infringements have been intentional and willful, in bad faith, and manifest a deliberate and knowing disregard of Weiman's Trade Dress rights, making this an exceptional case under 15 U.S.C. § 1117 and entitling Weiman to, among other things, Defendant's profits, actual damages, enhanced damages, and attorneys' fees under at least 15 U.S.C. § 1117, 765 ILCS 1036/65, and 815 ILCS 505/10a.

## Count I:
## Trade Dress Infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

23.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 22, inclusive, and incorporates them by reference herein.

24.     Defendant's offers to sell, sales, distribution, and/or advertisement of the Goof Off Products violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing Weiman's rights in the Weiman Trade Dress. Defendant's use of the Weiman Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Weiman and as to the origin, sponsorship or approval of the Goof Off Products.

25.     The Weiman Trade Dress is entitled to protection under both federal and common law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. Weiman and its predecessors have extensively and continuously promoted and used the Weiman Trade Dress in the United States. Through that extensive and continuous use, the Weiman Trade Dress has become a well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease, grime and sticky mess remover products. The Weiman Trade Dress also has acquired substantial secondary meaning in the marketplace. Moreover, the Weiman Trade Dress acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

26.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Goof Off Products, at least by creating the false and misleading impression that the Goof Off Products are manufactured by, authorized by, or otherwise associated with Weiman.

27.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

28.     On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by Defendant's continuing disregard for Weiman's trade dress rights.

29.     Weiman is entitled to injunctive relief, and Weiman is entitled to recover at least Defendant's profits, Weiman's actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.

**Count II:**
**Unfair Competition and False Designation of Origin under Section 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

30.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 29 above, inclusive, and incorporates them by reference herein.

31.     Defendant's offers to sell, sales, distribution, and/or advertisement of Goof Off Products, in direct competition with Weiman, violate Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition, at least because the Defendant has obtained an unfair advantage as compared to Weiman, through its use of the Weiman Trade Dress and/or colorable imitations thereof, to falsely designate the origin, affiliation or sponsorship of Defendant and of the Goof Off Products.

32.     The Weiman Trade Dress is entitled to protection under both federal and common law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. The Weiman Trade Dress has acquired distinctiveness through Weiman and its predecessor's extensive and continuous promotion and use of the Weiman Trade Dress in the United States and in Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease, grime and sticky mess remover products, and is widely recognized by the general consuming public as a designation of the source of Weiman's Goo Gone® Products. Moreover, the Weiman Trade Dress acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

33.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof constitutes a false designation of origin that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Goof Off Products, at least by creating the false and misleading impression that the Goof Off Products are manufactured by, authorized by, or otherwise associated with Weiman.

34.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

35.     On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by the Defendant's continuing disregard for Weiman's trade dress rights.

36.     Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Defendant's profits, Weiman's actual damages, enhanced damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1116 and 1117.

**Count III:**
**Trade Dress Dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

37.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 36 above, inclusive, and incorporates them by reference herein.

38.     Defendant's offers to sell, sales, distribution, and/or advertisement of Goof Off Products, in direct competition with Weiman, violate Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes dilution of the Weiman Trade Dress.

39.     The Weiman Trade Dress is entitled to protection under both federal and common law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. The Weiman Trade Dress has acquired distinctiveness through Weiman and its predecessor's extensive and continuous promotion and use of the Weiman Trade Dress in the United States and in Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a famous, well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease,

grime and sticky mess remover products, and is widely recognized by the general consuming public as a designation of the source of Weiman's Goo Gone® Products. Moreover, the Weiman Trade Dress acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

40.   Defendant's use of the Weiman Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous Weiman Trade Dress at least by eroding the public's exclusive identification of the famous Weiman Trade Dress with Weiman, by lessening the capacity of the famous Weiman Trade Dress to identify and distinguish Weiman Goo Gone® Products, by associating the Weiman Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous Weiman Trade Dress.

41.   Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

42.   On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by the Defendant's continuing disregard for Weiman's trade dress rights.

43.   Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count IV:
## Trade Dress Dilution under 765 ILCS 1036/65 of the Illinois Trademark
## <u>Registration and Protection Act</u>

44.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 43 above, inclusive, and incorporates them by reference herein.

45.     Defendant's offers to sell, sales, distribution, and/or advertisement of Goof Off Products, in direct competition with Weiman, violate 765 ILCS 1036/65 of the Illinois Trademark Registration and Protection Act.

46.     The Weiman Trade Dress is entitled to protection under Illinois law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. Weiman has extensively and continuously promoted and used the Weiman Trade Dress for years in the United States and in the State of Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a famous and well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease, grime and sticky mess remover products in the United States and in the State of Illinois, and the Weiman Trade Dress is widely recognized by the public throughout Illinois as a designation of the source of Weiman's multi-purpose household adhesive, grease, grime and sticky mess remover products. The Weiman Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Illinois. Moreover, the Weiman Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

47.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of the famous Weiman Trade Dress at least by eroding the public's exclusive identification of the famous Weiman Trade Dress with Weiman, by lessening the capacity of the famous Weiman Trade Dress to identify and distinguish Weiman Goo Gone® Products, by associating the Weiman Trade Dress with products of inferior quality, and by impairing the distinctiveness of the famous Weiman Trade Dress.

48. Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

49. On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by the Defendant's continuing disregard for Weiman's trade dress rights.

50. Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Defendant's profits, damages, enhanced profits and damages, and reasonable attorney fees under 765 ILCS 1036/65.

## Count V:
## Violation of the Illinois Uniform Deceptive Trade Practices Act

51. Weiman re-alleges each and every allegation set forth in paragraphs 1 through 50 above, inclusive, and incorporates them by reference herein.

52. Through the activities described above, Defendant has engaged in deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*., by causing a likelihood of confusion as to the source, sponsorship or approval of Weiman and Weiman's products with Defendant and its products.

53. The Weiman Trade Dress is entitled to protection under Illinois law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. The Weiman Trade Dress has acquired distinctiveness through Weiman and its predecessor's extensive and continuous promotion and use of the Weiman Trade Dress in the United States and in Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a famous, well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease, grime

and sticky mess remover products, and is widely recognized by the general consuming public as a designation of the source of Weiman's Goo Gone® Products. The Weiman Trade Dress also has acquired substantial secondary meaning in the marketplace. Moreover, the Weiman Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

54.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

55.     On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by the Defendant's continuing disregard for Weiman's trade dress rights.

56.     Weiman is entitled to injunctive relief, and Weiman is also entitled to recover costs and reasonable attorney fees under 815 ILCS 510/3.

## Count VI:
## Violation of the Illinois Fraud and Deceptive Business Practice Act

57.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 56 above, inclusive, and incorporates them by reference herein

58.     Through the activities described above, Defendant has engaged in unfair methods of competition and unfair and deceptive acts, including conduct likely to confuse consumers as to the origin of Weiman's Goo Gone® Products and Defendant's Goof Off Products.

Defendant's activities violate the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

59.    Defendant's activities alleged above constitute deceptive trade practices as defined in the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and for that reason also violate the Illinois Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

60.    Defendant's deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers. Unless said acts are restrained by this Court, Defendant's deceptive business practices will continue and the public will continue to suffer great and irreparable injury.

61.    Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

62.    On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and by the Defendant's continuing disregard for Weiman's trade dress rights.

63.    Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Defendants' damages, costs, and reasonable attorney fees under at least 815 ILCS 505/10a.

**Count VII:**
**Common Law Trademark Infringement**

64.    Weiman re-alleges each and every allegation set forth in paragraphs 1 through 61 above, inclusive, and incorporates them by reference herein.

65. Defendant's offers to sell, sales, distribution, and/or advertisement of the Goof Off Products, in direct competition with Weiman, constitute common law trademark infringement, at least because the Defendant's use of the Weiman Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the Goof Off Products.

66. The Weiman Trade Dress is entitled to protection under both federal and common law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. Weiman and its predecessors have extensively and continuously promoted and used the Weiman Trade Dress in the United States and the State of Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a well-known indicator of the origin and quality of Weiman Goo Gone® Products. The Weiman Trade Dress also has acquired substantial secondary meaning in the marketplace. Moreover, the Weiman Trade Dress acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

67. Defendant's use of the Weiman Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Goof Off Products, at least by creating the false and misleading impression that the Goof Off Products are manufactured by, authorized by, or otherwise associated with Weiman.

68. Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

69. On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress

to imitate the Weiman Trade Dress and the Defendant's continuing disregard for Weiman's trade dress rights.

70.     Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Weiman's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**<u>Common Law Unfair Competition and Dilution</u>**

71.     Weiman re-alleges each and every allegation set forth in paragraphs 1 through 68 above, inclusive, and incorporates them by reference herein.

72.     Defendant's offers to sell, sales, distribution, and/or advertisement of Goof Off Products, in direct competition with Weiman, constitute common law unfair competition, dilution, palming-off and passing-off against Weiman, and unjust enrichment of the Defendant's goods by simulating the Weiman Trade Dress in an intentional and calculated manner under the common law of Illinois.

73.     The Weiman Trade Dress is entitled to protection under both federal and common law. The Weiman Trade Dress uses unique, distinctive, and non-functional designs. Weiman and its predecessors have extensively and continuously promoted and used the Weiman Trade Dress in the United States and the State of Illinois. Through that extensive and continuous use, the Weiman Trade Dress has become a famous, well-known indicator of the origin and quality of Weiman multi-purpose household adhesive, grease, grime and sticky mess remover products, and is widely recognized by the general consuming public as a designation of the source of Weiman's Goo Gone® Products. The Weiman Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, the Weiman Trade Dress became famous and acquired this secondary meaning before Defendant commenced its use of the Weiman Trade Dress and colorable imitations thereof in connection with the Goof Off Products.

74.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the Goof Off

18

Products, at least by creating the false and misleading impression that the Goof Off Products are manufactured by, authorized by, or otherwise associated with Weiman.

75.     Defendant's use of the Weiman Trade Dress and colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Weiman for which Weiman has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Weiman Trade Dress.

76.     On information and belief, Defendant's use of the Weiman Trade Dress and colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the Goof Off Products to the Weiman Trade Dress, as demonstrated in Illustrations 1 and 2 above, by Defendant's purposeful change of its trade dress to imitate the Weiman Trade Dress and the Defendant's continuing disregard for Weiman's trade dress rights.

77.     Weiman is entitled to injunctive relief, and Weiman is also entitled to recover at least Weiman's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

**DEMAND FOR JURY TRIAL**

78.     Plaintiff Weiman Products, LLC hereby demands a jury trial on all issues so triable as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

<u>**Relief Sought**</u>

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendant has (i) willfully infringed the Weiman Trade Dress in violation of § 1125(a) of Title 15 of the United States Code; (ii) willfully engaged in unfair competition and false designation of origin of the Weiman Trade Dress in violation of § 1125(a) of Title 15 of the United States Code; (iii) willfully engaged in dilution of the Weiman Trade Dress in violation of § 1125(c) of Title 15 of the United States Code; (iv) willfully engaged in

dilution of the Weiman Trade Dress in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036/65; (v) willfully violated the Illinois Uniform Deceptive Trade Practices Act 815 ILCS 510/1 *et seq.*; (vi) willfully violated the Illinois Fraud and Deceptive Business Practice Act 815 ILCS 505/2; (vii) willfully violated Weiman's common law rights in the Weiman Trade Dress; and (viii) willfully engaged in common law unfair competition and dilution;

2.     A preliminary and permanent injunction against further infringement and dilution of the Weiman Trade Dress and further acts of unfair competition by Defendant, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the Goof Off Products, or any other products that use a copy, reproduction, or colorable imitation of the Weiman Trade Dress, pursuant to at least 15 U.S.C. § 1116, 765 ILCS 1036/65, 815 ILCS 505/10a, and 815 ILCS 510/3;

3.     An Order directing Defendant to recall all Goof Off Products sold and/or distributed and provide a full refund for all recalled Goof Off Products;

4.     An Order directing the destruction of (i) all Goof Off Products, including all recalled Goof Off Products, (ii) any other products that use a copy, reproduction, or colorable imitation of the Weiman Trade Dress in Defendant's possession or control, (iii) all means of making the Goof Off Products in Defendant's possession, custody or control, and (iv) all advertising materials related to the Goof Off Products in Defendant's possession, custody or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Defendant to publish a public notice providing proper attribution of the Weiman Trade Dress to Weiman, and to provide a copy of this notice to all customers, distributors, and/or others from whom the Goof Off Products are recalled;

6.     An Order barring importation of Goof Off Products and/or colorable imitations thereof into the United States, and barring entry of the Goof Off Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to 15 U.S.C. § 1125(b);

20

7.    An award of Defendant's profits, Weiman's actual damages, enhanced damages, exemplary damages, costs, prejudgment and postjudgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. § 1117, 765 ILCS 1036/65 and 815 ILCS 505/10a; and

8.    Such other and further relief as this Court deems just and proper.

Respectfully submitted,
BANNER & WITCOFF, LTD.

By: /s/ Eric J. Hamp
        Joseph J. Berghammer
        Eric J. Hamp
        Nicholas R. Battey
        Ten South Wacker Drive, Suite 3000
        Chicago, IL 60606-7407
        (312) 463-5000
        (312) 463-5001 fax
        jberghammer@bannerwitcoff.com
        ehamp@bannerwitcoff.com
        nbattey@bannerwitcoff.com

**ATTORNEYS FOR PLAINTIFF WEIMAN PRODUCTS, LLC**